**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

GEORGE CLINTON EDWARDS,      :

     Plaintiff,              :

vs.                            :       CA 20-0614-MU

KILOLO KIJAKAZI,          :
Acting Commissioner of Social Security,
                             :

     Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff George Clinton Edwards brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for childhood disability insurance benefits (as an adult). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 21 & 22 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the oral arguments of the parties on January 5, 2022, the Court concludes that the Commissioner's decision denying Plaintiff childhood disability insurance benefits is due to be and hereby is affirmed.[1]

---

[1]       Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 21 & 22 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of (Continued)

## I. Procedural Background

Plaintiff protectively filed an application for disability insurance benefits (and childhood disability insurance benefits) on December 4, 2017, alleging disability beginning on June 18, 2016. (*See* Doc. 13, PageID. 211-17). Edwards' claim was initially denied on July 20, 2018 (*id.,* PageID. 144-46) and, following Plaintiff's August 3, 2018 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 156-57), a hearing was conducted before an ALJ on December 4, 2019 (*id.,* PageID. 114-130). On December 18, 2019, the ALJ issued a decision in favor of the claimant on his claim for child's insurance benefits. (*See id.,* PageID. 108-10). However, because that decision contained materially incorrection information,[2] the ALJ entered an Order on April 3, 2020, vacating the "favorable decision for Child's Disability Benefits[.]" (*Id.,* PageID. 96-97). Thereafter, the ALJ issued two separate decisions, a favorable decision on April 8, 2020, finding Edwards entitled to disability insurance benefits since his alleged disability onset date of June 18, 2016 (*see id.,* PageID. 102-04) and a second decision on April 24, 2020, finding Edwards not entitled to childhood disability insurance benefits due to his inability to establish that he was disabled prior to July 12, 2000, the date he attained age 22 (*see id.,* PageID. 85-91). On May 20/26, 2020, the Plaintiff appealed the ALJ's decision to the Appeals Council (*see id.,* PageID. 209-10); the Appeals Council denied Edwards' request for review on October 29, 2020 (*id.,* PageID.

---

appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

[2]      In that decision, the ALJ found that Edwards had not attained the age of 22 by the alleged onset date of June 18, 2016 (*id.,* PageID. 108), which was incorrect because on the alleged onset date Edwards was 38 years of age (*see id.,* PageID. 87).

63-65; *see also id.,* PageID. 63 ("This is about your request for review of the

Administrative Law Judge's decision dated April 24, 2020.")). Thus, the hearing decision

(*id.,* PageID. 85-91) became the final decision of the Commissioner of Social Security.[3]

Plaintiff alleges his entitlement to child's insurance benefits (as an adult) due to

schizoaffective disorder and/or bipolar disorder. (*See* Doc. 16, PageID. 698-704). The

Administrative Law Judge (ALJ) made the following relevant findings:

**1.      Born on July 12, 1978, the claimant attained age 22 on July 1[2], 2000. Therefore, the claimant attained age 22 by June [1]8, 2016, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).**

**2.      The claimant has not engaged in substantial gainful activity since July 11, 2000, the alleged onset date (20 CFR 404.1571 *et. seq.*).**

The claimant worked after the age of 22 including work after the alleged onset date of June [1]8, 2016. (Exhibit 4D). However, the claimant's work activity after the alleged onset date was not substantial gainful activity.

**3.      Prior to attaining age 22, there was no evidence in the record that the claimant had a severe impairment. However, after age 22, the claimant had the following severe impairments: schizoaffective disorder, bipolar disorder, right arm fracture with reduced arm length, and borderline intellectual functioning (20 CFR 404.1520(c)).**

After age 22, the above medically determinable impairments significantly limited the ability to perform basic work activities as required by SSR 85-28. However, prior to age 22, there is no evidence in the record documenting that the claimant ha[d] any impairment. (Exhibits 1F-14F). Moreover, medical evidence regarding the claimant's impairments after the age of 22 cannot be used to evaluate this claimant.

**4.      Prior to attaining age 22, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

---

[3]      In appealing to this Court, Plaintiff makes clear in his complaint that the basis for this Court's jurisdiction under 42 U.S.C. § 405(g) rests upon the denial of his claim for childhood disability insurance benefits. (*See* Doc. 1, PageID. 2).

.    .    .

**5.     The claimant has not been under a disability, as defined in the
Social Security Act, at any time prior to July 1[2], 2000, the date he
attained age 22 because of insufficient evidence as to disability prior
to reaching age 22 (20 CFR 404.350(a)(5) and 404.1520(g)).**

(Doc. 13, PageID. 87, 88 & 90) (emphasis in original).

### II. Standard of Review, Statutory and Regulatory Framework, Claim on Appeal

The scope of this Court's review is limited to determining whether the
Commissioner of Social Security, through the ALJ, applied the correct legal standards
and whether the ALJ's findings are supported by substantial evidence. *Crawford v.
Commissioner of Social Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are
conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial
evidence is defined as more than a scintilla and means such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion. *Richardson v.
Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether
substantial evidence exists, we must view the record as a whole, taking into account
evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v.
Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from
"deciding the facts anew or re-weighing the evidence."  *Davison v. Astrue*, 370 Fed.
Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d
1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the
Commissioner's findings, [a court] must affirm if the decision reached is supported by

---

[4]     This Court's review of the Commissioner's application of legal principles,
however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

"Childhood disability insurance benefits ('CDIB') are rendered to a disabled adult under the old-age and survivors insurance benefits section of the Social Security Act." *Love v. Berryhill,* 2018 WL 3626203, *2 (M.D. Ala. June 27, 2018) (citing 42 U.S.C. § 402(d)), *report and recommendation adopted,* 2018 WL 3626114 (M.D. Ala. July 30, 2018). "In order to receive CDIB as a disabled adult, a claimant must establish that he or she is the child of an individual who is entitled to old-age or disability insurance benefits and is dependent on the insured, is unmarried, and was under a disability as defined in the Act that began before he attained the age of twenty-two." *Id.,* citing 42 U.S.C. §§ 402(d)(1), 423(d)(1)(A) and 20 C.F.R. § 404.350; *see also, e.g., Mainville v. Commissioner of Social Sec.,* 2019 WL 3225579, *1 (M.D. Fla. July 2, 2019) ("The Social Security Act provides disability insurance benefits for a disabled adult child based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died a fully or currently insured individual. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). In order to qualify for child insurance benefits as a disabled adult, several criteria must be met. 20 C.F.R. § 404.350(a)(1)-(5). As relevant here, if the claimant is over 18, the claimant must be unmarried and 'have a disability that began before [he] became 22 years old.'"), *report and recommendation adopted,* 2019 WL 3219895 (M.D. Fla. July 17, 2019). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" 42 U.S.C. § 423(d)(2)(A). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner of Social Security employs the same five-step sequential evaluation process in determining the disability of a child who was under a disability after age 18 but prior to age 22 that is utilized to determine whether adult claimants are entitled to disability benefits. *See Mainville, supra,* at *1. This sequential evaluation process considers:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[5] (per curiam) (citations and footnote omitted). The claimant bears the burden of persuasion through step four, *see Phillips v. Barnhart,* 357 F.3d 1232,1237-39 (11th Cir. 2004), while at the fifth step, the burden shifts to the Commissioner to demonstrate that other jobs exist in the national economy that the claimant can perform, *id.*

On appeal to this Court, Edwards posits that the disability onset date of June 18, 2016 is erroneous because he "has suffered from and been disabled as a result of schizoaffective disorder, bipolar disorder, and borderline intellectual functioning well

---

[5]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

before reaching twenty-two years of age." (Doc. 16, PageID. 699).  Plaintiff's father pressed this same argument on January 5, 2022. (*See* Doc. 23). The law requires Mr. Edwards to establish both that the ALJ's finding regarding his disability onset date (of June 18, 2016) is not supported by substantial evidence ***and*** that the evidence in the record demonstrates that he was disabled prior to reaching the age of 22 to be entitled to childhood disability insurance benefits.

With respect to the disability onset date, while it may be true, as Plaintiff argues, that someone with the Social Security Administration "typed in" June 18, 2016 as Plaintiff's disability onset date on his application form (*compare* Doc. 16, PageID. 699 ("Insofar as the Agency relies on the onset date on Plaintiff's application for benefits, Plaintiff asserts he was not directly responsible for completing his application for benefits[.]") *with* Doc. 13, PageID. 211 ("On December 4, 2017, we talked with you and completed your application for SOCIAL SECURITY BENEFITS. We stored this information electronically in our records. We are enclosing a summary of your statements. . . . I BECAME UNABLE TO WORK BECAUSE OF MY DISABLING CONDITION ON June 18, 2016.")), it is all too clear that the SSA typed in information it received from Plaintiff (*compare id.* ("We are enclosing a summary of your statements. . . . I BECAME UNABLE TO WORK BECAUSE OF MY DISABLING CONDITION ON June 18, 2016.") *with* Doc. 16, PageID. 699 ("[T]he date of June 18, 2016, was merely the date he had to make changes to his work schedule because of his conditions.")). Moreover, despite the fact that a copy of the application for benefits was sent directly to Plaintiff (*see* Doc. 13, PageID. 211 (reflecting that a copy of the application summary for disability insurance benefits was sent to Edwards at P.O. Box 1425, Selma, Alabama

36702)), there is nothing in the record indicating at any time after the application for benefits was protectively filed on December 4, 2017 (*see* Doc. 13, PageID. 211), that Plaintiff moved to amend his onset date of disability during the hearing—or in conjunction with the hearing—(*see, e.g., id.,* PageID. 114-130 (neither Edwards nor his attorney mentioned during the hearing that the disability onset date set forth in his application for benefits was incorrect)). Accordingly, this Court finds that the ALJ's disability onset date finding of June 18, 2016 (*see* Doc. 13, PageID. 85 & 87) is supported by substantial evidence, namely, information supplied by Edwards himself when applying for benefits on December 4, 2017 (*see id.,* PageID. 211).

The more important inquiry for this Court is whether Plaintiff (as an adult[6]) has demonstrated his entitlement to childhood disability insurance benefits by establishing that he was disabled prior to reaching the age of 22 (on July 12, 2000). Here, the ALJ determined that there was no medical evidence in the record demonstrating that Edwards had a severe impairment prior to reaching the age of 22 (*see* Doc. 13, PageID. 88), thus no medical evidence demonstrating that Edwards had an impairment or combination of impairments meeting or medically equaling a listed impairment (*id.,* PageID. 88-90), and insufficient evidence establishing disability prior to reaching age 22 (*id.,* PageID. 90). Edwards testified at the administrative hearing that he was hospitalized for mental disorders when he was 15 or 16 years of age (Doc. 13, PageID. 127-28; *see also id.,* PageID. 595 (Plaintiff's report to Dr. John Goff that he was hospitalized at age 15)), which evidence was acknowledged by the ALJ (*id.,* PageID.

---

[6]     Edwards was born on July 12, 1978 (Doc. 13, PageID. 211) and was, therefore, 39 years of age on the date (December 4, 2017) he protectively filed his application for disability insurance benefits (*see id.*).

88); however, this evidence is insufficient to establish that Plaintiff suffered from a medically determinable impairment (much less a severe one) prior to age 22, *see McCoy v. Astrue,* 2013 WL 705796, *2 (M.D. Ga. Feb. 4, 2013) (upholding ALJ's finding that testimony alone cannot establish disability prior to age 22), *report and recommendation adopted,* 2013 WL 705604 (M.D. Ga. Feb. 26, 2013), because it does not constitute objective medical evidence from an acceptable medical source, *compare* 20 C.F.R. § 404.1521 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities than can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis,[7] or a medical opinion to establish the existence of an impairment(s).") (footnote added) *with* SSR 96-4p ("A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment. [] In the absence of a showing that there

---

[7]   Thus, the passing reference to a diagnosis of schizoaffective disorder, bipolar type from May of 1998 (Doc. 13, PageID. 631), offers no assistance to Plaintiff. 20 C.F.R. § 404.1521; *see also Ferguson v. Social Sec. Admin., Commissioner,* 2020 WL 4346772, *9 (N.D. Ala. July 29, 2020) ("[A] diagnosis alone does not indicate a disability[.]"); *Bevers v. Berryhill,* 2019 WL 656413, *18 (S.D. Fla. Jan. 14, 2019) ("[T]he mere presence of a diagnosed medical condition [] alone is insufficient to support a disability claim."); *cf. Mansfield v. Astrue,* 395 Fed.Appx. 528, 531 (11th Cir. Aug. 31, 2010) ("Dr. Naguszewski's multiple sclerosis diagnosis was not sufficient to establish that Mansfield was disabled under the Social Security Act.").

To the extent there are medical records in existence somewhere which would bear on Mr. Edwards' mental condition (and impairments) prior to the time he reached 22, as referenced by Plaintiff's father during oral arguments on January 5, 2022 (*see* Doc. 23), this Court shares in Plaintiff's father's frustration that these medical records are not part and parcel of the administrative transcript before this Court for review; however, counsel for Defendant is right that it was the responsibility of the administratively-represented Plaintiff to submit all relevant evidence to the ALJ for her consideration and to the extent that was not done, this Court certainly cannot remand this case based upon such failure by Plaintiff and his attorney.

is a 'medically determinable physical or mental impairment,' an individual must be found not disabled at step 2 of the sequential evaluation process. No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment. . . . [U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone. Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings."). Instead, where, as here and as in *McCoy, supra,* and *Sabillon-Perdomo v. Colvin,* 2016 WL 7428798, *6 (M.D. Fla. Mar. 31, 2016), Plaintiff provides no medical evidence, "such as 'medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment ' prior to attaining the age of 22[,]" *id.,* the ALJ correctly determines that Plaintiff cannot establish that he was disabled prior to age 22, *compare id. with McCoy, supra,* at *2. In other words, due to Plaintiff's failure in this case to provide medical evidence, in the nature of medical signs, to substantiate the existence of a medically determinable mental impairment prior to his attainment of age 22,[8] the ALJ's determination denying Plaintiff's request for

---

[8]     And because Plaintiff failed to demonstrate that, prior to age 22, he was disabled based upon medical signs to substantiate the existence of a medically determinable mental impairment, SSR 83-20 is inapplicable and there was no need for the ALJ to utilize the services of a medical advisor to determine the onset date of disability. *See Sabillon-Perdomo, supra,* at *5 ("SSR 83-20 is only applicable when an ALJ first determines that a plaintiff is disabled."); *cf. Klawinski v. Commissioner of Social Sec.,* 391 Fed.Appx. 772, 776 (11th Cir. Aug. 6, 2010) ("We conclude that the ALJ did not contravene SSR 83-20 because the ALJ ultimately found (Continued)

childhood disability insurance benefits is support by substantial evidence and, therefore, is due to be affirmed.

## <u>CONCLUSION</u>

It is **ORDERED** that the April 24, 2020, decision of the Commissioner of Social Security denying Plaintiff childhood disability insurance benefits be affirmed.

**DONE** and **ORDERED** this the 10th day of January, 2022.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

---

that Klawinski was not disabled, and SSR 83-20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability.").

To the extent that Plaintiff means to argue that the ALJ should have utilized the services of a medical advisor to establish his disability onset date respecting his claim for disability insurance benefits, as adjudicated in the ALJ's April 8, 2020 decision (*see* Doc. 13, PageID. 103-04), this Court would simply note that Plaintiff has not shown that this Court has jurisdiction to consider that question, as the administrative record establishes that the only decision of the ALJ appealed by the Plaintiff and reviewed by the Appeals Council was the decision dated April 24, 2020, denying Plaintiff's claim for childhood disability insurance benefits, not the favorable decision dated April 8, 2020 (*see* Doc. 13, PageID. 63 ("This is about your request for review of the Administrative Law Judge's decision dated April 24, 2020.")) and Plaintiff's complaint makes clear that he was appealing to this Court and invoking this Court's jurisdiction only with respect to the unfavorable administrative decision regarding his claim for childhood disability insurance benefits (*see* Doc. 1, PageID. 2).